# IN THE UNITED STATES DISTRICT OF TEXAS
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD O'CONNELL, *Plaintiff* | § § § |
| VS. | §  CIVIL ACTION NO. _____<br>§  JURY TRIAL REQUESTED<br>§ |
| RTAS TRANSPORT, L.L.C. and LIONEL SIMMS, *Defendant* | § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Richard O'Connell, Plaintiff, by and through his attorneys, The Law Offices of Thomas J. Henry, now comes before this Court and complains of RTAS Transport, L.L.C. and Lionel Simms as follows:

### I.   PARTIES

1. Richard O'Connell is a citizen of Texas residing in Bexar County, Texas.

2. Defendant RTAS Transport, L.L.C. is a Nevada Limited Liability Company that may be served with process by serving its owner, Rajeev Singh at his place of business at 11208 Playa Bonita Avenue, Las Vegas, Nevada, 89138.

3. Defendant Lionel Simms is a citizen of California who may be served at his residence 1020 Glenshaw Drive, La Puente, California 91744.

### II.   STATEMENT OF JURISDICTION AND VENUE

4. Plaintiff Richard O'Connell is a citizen of Texas. Defendant RTAS Transport, L.L.C. is a Nevada Limited Liability Company with its principal place of business in Nevada.

Defendant Lionel Simms is a citizen of California. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Hidalgo County, Texas, which is within the Southern District of Texas.

6. Plaintiff requests a trial by jury.

### III.    SUMMARY

7. On or about March 14, 2017, Plaintiff Richard O'Connell was lawfully operating his vehicle when Defendant Lionel Simms, who was acting in the course and scope of his employment with RTAS Transport, LLC, violently crashed into the rear of his vehicle causing both rear and front-end collisions. This collision to Plaintiff's vehicle resulted in significant property damage to both the front and rear of his truck and caused him to sustain significant injuries to his body, as more fully set forth below.

### IV.    COUNT I – NEGLIGENCE OF LIONEL SIMMS

8. Plaintiff incorporates by reference herein all allegations set forth above.

9. On March 14, 2017, Plaintiff was operating his GMC Sierra pickup truck in a lawful manner while traveling southbound on SH-336 in Hidalgo, Texas.

10. Lionel Simms was also traveling southbound on SH-336, behind Mr. O'Connell.

11. At all times relevant hereto, Lionel Simms was acting within the course and scope of his employment with Defendant RTAS Transport, L.L.C.

12. Lionel Simms operated the tractor-trailer in a negligent manner and violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b. in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c. in failing to control speed;

d. in failing to maintain a single lane of travel in violation of Section 545.060 of the Texas Transportation Code;

e. in failing to maintain an assured distance from Plaintiff's vehicle so that a collision would not occur in violation of Section 545.062 of the Texas Transportation Code;

f. in failing to comply with Federal and State DOT regulations in the operation of the commercial motor vehicle;

g. in failing to warn Plaintiff of the impending collision by using his horn or some other warning device;

h. in failing to properly maintain his commercial vehicle in that it could safely operate on Texas roadways; and

i. in failing to turn the vehicle in an effort to avoid the collision in question.

13. Each of these acts and/or omissions of Lionel Simms, whether taken singularly or in any combination constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### V.   COUNT II - GROSS NEGLIGENCE OF LIONEL SIMMS

16. Lionel Simms' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in

conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VI. COUNT III – RESPONDEAT SUPERIOR / NEGLIGENCE OF RTAS TRANSPORT, LLC

18. Defendant RTAS Transport, L.L.C. is liable under the theory of *respondeat superior* in that Defendant LIONEL SIMMS was acting within the course and scope of his employment with Defendant RTAS Transport, LLC at the time the incident occurred. At a minimum, Lionel Simms was operating a commercial motor vehicle under RTAS Transport, LLC's motor carrier number and was a statutory employee.

19. Defendants RTAS Transport, L.L.C. is responsible for the acts and/or omissions of Defendant Lionel Simms, which whether taken singularly or in any combination, constitute negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## VII. COUNT IV – NEGLIGENT HIRING / RETENTION / TRAINING / ENTRUSTMENT OF RTAS TRANSPORT, L.L.C.

20. Defendant RTAS Transport, LLC was independently negligent in one or more of the following aspects:

      a. Negligent hiring;

      b. Negligent entrustment;

      c. Negligent driver qualifications;

      d. Negligent training and supervision;

      e. Negligent retention;

      f. Negligent contracting; and

      g. Negligent maintenance.

21. Defendant is liable for the negligent entrustment of its commercial vehicle to Lionel Simms. Defendant RTAS Transport, L.L.C. was the owner of the vehicle operated by Lionel Simms at the time of the accident that makes the basis for Plaintiff's lawsuit. Defendants RTAS Transport, L.L.C. negligently entrusted its vehicle to Lionel Simms, whom Defendant RTAS Transport, L.L.C. or should have known was an unlicensed, incompetent and/or reckless driver. Defendant RTAS Transport, L.L.C. violated its duty to exercise ordinary care in the entrustment and operation of its commercial motor vehicle.

22. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

### VIII.   COUNT V - GROSS NEGLIGENCE OF RTAS TRANSPORT, LLC

23. Defendant RTAS Transport, L.L.C.'s conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant RTAS Transport, L.L.C.'s conduct involved an

extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant RTAS Transport, L.L.C. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

24. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of his natural life.

## IX.   DAMAGES

18. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff, Richard O'Connell, suffered severe bodily injury to his neck, back, and other parts of his body generally. The injuries are permanent in nature and have had a serious effect on Richard O'Connell's health and well-being. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering, and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

19. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

20. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

## X.   PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff is entitled to damages from the Defendants, and does hereby pray that judgment be entered in his favor and against the Defendants as follows:

   1. Pain and suffering in the past;
   2. Pain and suffering in the future;
   3. Mental anguish in the past;
   4. Mental anguish in the future;
   5. Past medical expenses;
   6. Future medical expenses;
   7. Physical impairment in the past;
   8. Physical impairment in the future;
   9. Physical disfigurement in the past;
   10. Physical disfigurement in the future;
   11. Loss of past wages;
   12. Loss of future wages; and
   13. Loss of wage earning capacity.

Plaintiff further seeks any further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,

**THE LAW OFFICES OF THOMAS J. HENRY**

By: **s/   Russell W. Endsley**
**Russell W. Endsley**
**State Bar No.: 24026824**
**So. Dist. TX. Bar No.: 28492**
*Attorney In Charge*
521 Starr Street
Corpus Christi, Texas 78401
Telephone: 361-985-0600
Facsimile: 361-985-0601
*e-mail: rendsley-svc@tjhlaw.com
*service by e-mail to this address only
*Attorney for Plaintiffs*